IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

EUNIQUE N. NICKENS )
 )
    Plaintiff, ) No. 14-140

V.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF
SOCIAL SECURITY

    Defendant.

## SYNOPSIS

Plaintiff filed an application for disability benefits, alleging disability as of January 1, 2007, as the result of mental impairments of depression, dyslexia, and anxiety. Her claim was denied initially, and upon hearing before an ALJ. The Appeals Council subsequently denied her request for review. Plaintiff now appeals the Commissioner's decision. For the following reason, Plaintiff's Motion will be granted, and Defendant's denied, and this matter remanded.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the ALJ did not adequately account for Plaintiff's limitations on Plaintiff's ability to interact with supervisors, and failed to consider Plaintiff's low GAF scores.

With respect to the former argument, the ALJ gave substantial weight to the opinion of Dr. Tarter, a non-examining agency consultant. He gave limited weight to the opinion of Dr. Rockey, an examining consultant, but stated that he accommodated Dr. Rockey's opinion regarding moderate limitations on Plaintiff's ability to function socially in the workplace. Both doctors indicated at least moderate restrictions on Plaintiff's ability to interact appropriately with supervisors. While the ALJ included in his RFC certain limitations expressed by the medical providers, he did not include any limitation on interacting with supervisors.

2

Certainly, the ALJ is not required to accept Dr. Tarter's opinion at all, much less do so wholesale. There is, however, no indication that he separately considered her opinion regarding Plaintiff's inability to interact with supervisors, or why he might have rejected such a limitation. The public, supervisors, and co-workers are distinct groups, and are separately addressed on the Defendant's mental residual capacity forms. Thus, limitations on two of these types of interactions in the RFC does not account for limitations on the third. This omission infects the hypothetical to the vocational expert, which, in this case, did not include a reference to interaction with supervisors. See Lloyd v. Astrue, 2012 U.S. Dist. LEXIS 146796 (M.D. Fla. 2012); Field v. Astrue, 2011 U.S. Dist. LEXIS 65778, at **9-10 (N.D. Tex. June 21, 2011). This matter must be remanded so that the ALJ may address whether he rejected this limitation, or, if he failed to consider it, to do so.

With respect to the GAF score, an ALJ is not required to address specific scores. Coy v. Astrue, 2009 U.S. Dist. LEXIS 57830 (W.D. Pa. July 8, 2009). It is well-settled that GAF scores do not directly correlate to disability. Instead, they are medical evidence that informs the ALJ's judgment of disability. Thus, failure to refer to or rely on two GAF scores, even if those scores are similar, is not necessarily error requiring remand. Rios v. Comm'r of Soc. Sec., 444 Fed. Appx. 532, 534-35 (3d Cir. 2011); Lee v. Colvin, 2014 U.S. Dist. LEXIS 78624 (E.D. Pa. June 10, 2014). This is particularly true if, as with some of the scores here, the mental health provider's report does not relate the score to specific limitations, or explain the basis for the GAF rating. See Gilroy v. Astrue, 351 F. Appx. 714, 715-16 (3d Cir. 2009). In addition, it is clear that the ALJ reviewed and was cognizant of all of the records containing the GAF scores at issue. While it would have been preferable had he discussed the GAF scores, I find no error in this regard.

## CONCLUSION

This matter will be remanded, solely for the ALJ to clarify his approach to, or consider in the first instance, the relevant opinions relating to limitations on Plaintiff's interactions with supervisors. The ALJ may, of course, conduct any proceedings he deems necessary.

An appropriate order follows.

## ORDER

AND NOW, this 23rd day of September, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court